Shauck, J.
The history of this case is somewhat important, since in its progress some questions have been settled which counsel have ably argued here.
Mr. Bowman, as the trustee of the first mortgage bondholders of the Springfield, Jackson & Pomeroy R. R. Co., brought *65 suit in the common pleas court of this county to foreclose his mortgage. The Smith Bridge Co., not originally a party to the suit in the common pleas court, was made a party on its own motion, and filed a cross-petition asserting a mechanic’s lien on the railroad for the unpaid balance of the contract price for the construction of six bridges, in Ross county, that being one of the counties through which the road ran. An issue was joined upon the answer and cross-petition, and tried in the common pleas of this county, and determined in favor of the bridge company. The case was then appealed to the district court, where all other pleadings were withdrawn, so that it could be heard on a demurrer to the cross-petition. While pending there, the case of Rutherford v. R. R. Co., 35 O. S., was decided by the supreme court, and it was there held that a railroad was not subject to the general mechanic’s lien law, but the court left undecided whether a mechanic’s lien may be taken upon a railroad bridge. On the hearing in the district court, that court answered this question in the negative and sustained the demurrer to the cross-petition of the Smith Bridge Co.
A petition having been filed in the supreme court, the case was transferred to the commission, and the decision of the district court was reversed, the commission holding that while it was decided in the Rutherford case that a mechanic’s lien could not be taken upon a railroad, such lien could be taken on a railroad bridge, and the case was remanded to the district court (now this court) for further proceedings.
Thereupon Mr. Bowman, as trustee, answered this cross-petition, setting up four defenses. The first is not brought to our attention. The second defense alleges in substancé that this mortgage became a lien upon the whole road by its execution, being filed prior to the — day of April, 1878, and that until after that date the Smith Bridge Co. delivered no material upon the line of the road in any of the counties through which it passes, or in Ross county, and had performed no work upon the line of the road toward the construction of these bridges, or any of them, so as to make his lien prior to that of the Smith Bridge Company. To this answer the bridge company filed a demurrer, and it has been argued here very *66 ably upon one side and the other as to whether a mechanic’s lien can attach until there is a visible occupation of the premises against which it is asserted. And it might cause us some difficulty to answer this question, if an answer were not furnished by the two cases I have cited. The proposition that a mechanic’s lien cannot attach to a railroad, was decided in the Rutherford case. And in this case, when it was before the commission, it was decided that a mechanic’s lien could be taken upon a railroad bridge. Starting then with these two propositions, a third is unavoidable, namely a railroad bridge does not become an accession to the railroad so as to become a part of the road, in such sense as to be inseparable from it.
Now whenever this lien of the bridge company attached, it at least attached before the bridges were placed in position on the line of the road ; and as the bridges passed under the mortgage of the trustee by virtue of the provisions of the mortgage that bridges and other property which might be subsequently acquired were to pass under the mortgage of the trustee, it is a contest between two equities, and the older must prevail.
The demurrer to the second defense must be sustained.
The third defense alleges that six bridges were to be erected by the terms of the contract, which required that they should be completed in a certain specified order; and it is alleged in the defense that they were so completed; and by the terms of the contract it was required that they were to be paid for immediately on their completion in the following payments: One-fourth cash; one-fourth in three months; one-fourth in six months; one-fourth in nine months; and it further alleges that three of the bridges first completed were settled and paid for.
The question raised by this demurrer is whether the Smith Bridge Company has a lien upon the six bridges for the unpaid balance of the contract price, or whether its lien is limited to the three bridges last constructed. The answer of the trustee precludes the theory that the payments already made were made upon account of the six bridges, for it alleges that the three bridges first constructed have been fully settled and paid for; and in view of the decisions of the supreme court *67 and commission already referred to, this lien is not upon the road or upon any property whatever except the bridges. The bridges which are the subject of this lien are in no wise connected with each other so far as the lien of the bridge company is concerned.
The words in the mechanic’s lien law are all distributive, and none of them are collective.
The provision of the law is, as applicable to this case, that any person performing labor, or furnishing material for the construction of any bridge, shall have a lien on such bridge. It was obviously the intention of the legislature that each structure mentioned in this connection, and the land upon which it is situated, should be charged with the lien for its own structure. We conclude that the bridge company’s claim, in view of the averments of this defense, must be regarded as limited to the three bridges last constructed.
Some language used by Judge Nash in the decision of this case, when it was before the commission, as to the contract upon which these bridges were constructed, has been quoted as supporting the theory that the bridge company has a lien upon the six bridges for the money yet due it; but that language ought to be considered with reference to the question then before the court. That question was whether there could be a lien upon railroad bridges, and whether such lien had been properly taken by the filing of a single, affidavit with the copy of the contract and the statement of the bridge company’s account. The language of the syllabus in this case is to be regarded as the more careful statement of the point decided by the court, and it shows clearly that while the court regarded the contract as an entirety for the purpose of taking a lien, it also shows that in the opinion of the court there were purposes for which it ought not to be so regarded.
The demurrer to this defense will be overruled.
To the fourth defense there is a motion to strike out a portion, as being a departure from the petition and not properly pleaded by way of answer or reply. That portion is :
“ And the plaintiff further answering, and for his fourth reply to the amended answer and cross-petition of said Smith Bridge Company, defendant, says, that on the 30th day of *68 September, 1878, the mortgage to E. Kinney .mentioned in the petition in this cause, was in full force, and that the same secured $219,600 of the bonds of said railroad, which had been issued and negotiated thereunder long prior to the making of said contract with the Smith Bridge Company, and the same was the first and best lien upon the line of said railroad, including said bridges, and that the said plaintiff, without knowledge of the pretended lien by the said Smith Bridge Company, or of any claim of lien by said bridge company, or of any claim of any other person for, or on account of the erection of any bridges on the line of said railroad, and solely for the protection of the beneficiaries under his said trust, and for the protection of their lien upon said road, caused the said bonds to be purchased and delivered to him, the said plaintiff, and he delivered the same to the said Kinriey, trustee, and procured him to cancel the said deed of trust of record. The plaintiff caused a large amount of money to be paid to take up said bonds in order that said mortgage might be cancelled, the exact amount of which he cannot now state, but will show on the trial hereof; but the amount paid therefor was far in excess of the value of said bridges, and he procured said trust deed to be cancelled by mistake and without notice of the said defendant’s claim.”
8. A. Bowman, for plaintiff.
Harrison, Olds & March, E. W. Tolerton and O. T. Martin, for Smith Bridge Co.
It is admitted, or at least it is not now controverted, that these facts entitled the trustee to the benefit of the mortgage to Kinney.
But in support of the motion it is argued that the rules of pleading required that these facts should be. made to appear in the petition or in the amendment thereto. This view we think is correct. These ayerments are not responsive to the petition of the Smith Bridge Company, or any pleading in the case. They constitute a distinct and substantive ground for relief.
The motion will be sustained.